**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**ANDRES GOMEZ,**

**Plaintiff,**

**Case No. 1:16-cv-24695-FAM**

**vs.**

**WINN-DIXIE STORES, INC.,**

**Defendant.**

______________________________________/

**DEFENDANT, WINN-DIXIE STORES, INC.'S MOTION TO STAY PROCEEDINGS**

Defendant Winn-Dixie Stores, Inc. ("Winn-Dixie"), by and through undersigned counsel and pursuant to Local Rule 7.1 and the inherent power of this Court, moves to stay all proceedings in this case until the final resolution of the case styled *Juan Carlos Gil v. Winn-Dixie Stores, Inc.*, United States District Court, Southern District of Florida, Case No. 1:16-cv-23020-RNS (hereinafter "the *Gil* Action").[1] The factual and legal allegations asserted and the cause of action alleged in this case are completely identical to the allegations within the *Gil* Action. A stay of this action pending the outcome of the *Gil* Action is appropriate, because such a stay would narrow, if not fully resolve, the issues in this litigation, prevent the needless duplication of work required by the Court, and eliminate the possibility of conflicting rulings.

---

[1] Another, nearly identical, case is also pending in the United States District Court, Northern District of Florida, *Beckman v. Winn Dixie Stores, Inc.*, Civil Action No. 3:16-cv-00706-MCR-CJK. Winn-Dixie is filing a Motion to Stay the *Beckman* Action pending the resolution of the *Gil* Action for the same reasons set forth in this motion.

## I. Pertinent Factual and Procedural Background

### A. Gomez Complaint

On November 30, 2016, Plaintiff, Andres Gomez ("Gomez"), individually sued Winn-Dixie for allegedly violating certain provisions of the Americans with Disabilities Act ("ADA"). (*See generally* D.E. 1.) In his complaint, Gomez asserts that he is visually impaired and has a qualified disability as defined by the ADA. (D.E. 1 ¶ 1.) Because Winn-Dixie's stores operate as grocery stores, and in some instances pharmacies, Winn-Dixie's physical brick-and-mortar locations are places of public accommodations as defined under the ADA. (D.E. 1 ¶ 4.)

Winn-Dixie also has a public website at www.winndixie.com. (D.E. 1 ¶ 7.) The website provides information about Winn-Dixie's goods, services, accommodations, benefits and facilities for patrons. (*Id.*) Gomez "utilizes JAWS Screen Reader software" to access Internet websites. (*Id.* ¶ 2.) Plaintiff attempted to access and/or utilize Defendant's website, but was unable to, and continues to be unable to [access] . . . features of the website that are inaccessible to the visually impaired . . . ." (*Id.* ¶ 10.) Gomez asserts that he was unable to access the Winn-Dixie website because it does not contain an ADA policy for visually impaired patrons or a link to adjust the format for SRS readability and compatibility. (*Id.*)

Gomez specifically requests a declaratory judgment finding that Winn-Dixie failed to provide a website that individuals with visual disabilities can effectively communicate with as required by Title III of the ADA. (D.E. 1 at 11-12.) Along with declaratory relief, Gomez requests an injunction requiring Winn Dixie to update its website in order for visually disabled individuals to effectively access the website to the full extent allegedly required by Title III of the ADA, to require an evaluation of company policies and procedures toward persons with disabilities in order to undertake corrective procedures, to require continuous maintenance to ensure full accessibility

to visually impaired individuals, and an award of damages for litigation expenses, costs and attorney's fees. (*Id.*)

On December 27, 2016, Winn-Dixie filed a Motion to Dismiss the Complaint *With Prejudice*, asserting that, under current federal law and Eleventh Circuit precedent, Internet websites are not places of public accommodation as defined under the ADA and therefore, as a matter of law, the plaintiff cannot state a claim under the ADA. (D.E. 10.) Winn-Dixie's motion also requested dismissal of Plaintiff's Rehabilitation Act claim since Winn-Dixie's redemption of food stamps does not qualify as receipt of "federal financial assistance" subject to the Rehabilitation Act. (*Id.*) On January 20, 2017, the Plaintiff voluntarily dismissed Count II for Violation of the Rehabilitation Act and the Court entered the dismissal without prejudice on January 24, 2017, leaving only the ADA claim. (D.E. 17; D.E. 18.)

**B. The *Gil* Action**

On July 13, 2016, the *Gil* Action, like the present lawsuit, was brought by a visually impaired individual who alleges Winn-Dixie's website failed to provide individuals with visual disabilities to effectively communicate on its website in violation of the ADA. A true and correct copy of the Gil Complaint is attached hereto as Exhibit A.[2] In his complaint, Gil also asserts that he has a visual impairment and has a qualified disability under the ADA. (Ex. A ¶¶ 11-12.) He also alleges, identically to Gomez, that Winn-Dixie's website is a place of public accommodation under the ADA. (Ex. A ¶ 5.) Gil's allegations also solely involve Winn-Dixie's website, and his alleged inability to access and patronize the website, not Winn-Dixie's brick and mortar stores. (*See, e.g.*, Ex. A ¶¶ 27, 30, 31.) Identical to Gomez, Gil states that he "utilizes JAWS Screen

---

[2] Winn-Dixie requests that the Court take judicial notice of this non-hearsay, self-authenticating public record. Fed. R. Evid. 201; Fed. R. Evid. 803(8); *Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006).

Reader software" to access Internet websites. (*Id.* ¶ 27.) Gil alleges that he was unable to access the Winn-Dixie website because it would not interface with his JAWS Screen Reader software. (*Id.* ¶ 28.)

In the *Gil* Action, the plaintiff likewise demanded a declaratory judgment finding that Winn-Dixie violated plaintiff's rights as guaranteed by the ADA. (Ex. A at 16-18.) The requested injunctive relief is identical to the relief requested in this case. (*Compare id. with* D.E. 1 at 11-12.) The plaintiff requests an injunction to require Winn-Dixie to provide adequate accommodation for the visually impaired community, to update its website in order to remove barriers so that individuals with visual disabilities can access the website to the full extent required by Title III of the ADA, to require a clear display of the universal disabled logo within the website, to require ongoing support for web accessibility by implementing a website accessibility coordinator, to require an evaluation of company policies and procedures toward persons with disabilities, and requesting damages for litigation expenses and attorney's fees. (Ex. A at 16-18.)

On August 8, 2016, Winn-Dixie answered the complaint in the *Gil* Action. A true and correct copy of the civil docket for the *Gil* Action is attached hereto as Exhibit B.[3] On October 24, 2016, Winn-Dixie filed a Motion for Judgment on the Pleadings, asserting that, under current federal law and Eleventh Circuit precedent, Internet websites are not places of public accommodation as defined under the ADA and therefore, as a matter of law, the plaintiff cannot state a claim under the ADA. A true and correct copy of Winn-Dixie's Motion for Judgment on

[3] Winn-Dixie requests that the Court take judicial notice of this non-hearsay, self-authenticating public record. Fed. R. Evid. 201; Fed. R. Evid. 803(8); *Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006).

the Pleadings filed in the *Gil* Action is attached hereto as Exhibit C.[4] The legal arguments asserted by Winn-Dixie in the *Gil* Action are identical to its remaining legal argument asserted in the motion to dismiss currently pending before this Court in this action.

## II. The Court Properly Should Stay this Action Pending Resolution of the *Gil* Action

It is well settled that the district court has an inherent power to control the disposition of the cases on its docket to conserve time and effort for the court, counsel, and litigants. *Loor v. Tween Brands, Inc.*, No. 615CV953ORL37DAB, 2015 WL 6704579, at *2 n.6 (M.D. Fla. Nov. 3, 2015) (citing *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544–45 (5th Cir. 1983)). Incidental to this power is the broad discretion to stay proceedings. *Clinton v. Jones*, 520 U.S. 705, 706 (1997). The Eleventh Circuit has frequently recognized this inherent discretionary authority of district courts to stay proceedings. *E.g. CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982) ("The inherent discretionary authority of the district court to stay litigation pending the outcome of related proceeding in another forum is not questioned."); *see also I.A. Durbin, Inc. v. Jefferson Nat'l Bank,* 793 F.2d 1541, 1551-52 (11th Cir. 1986); *Gov't of the Virgin Islands v. Neadle,* 861 F. Supp. 1054, 1055-56 (M.D. Fla. 1994). Where, as here, a pending trial will render Plaintiff's claims moot, a stay is appropriate to avoid duplicative litigation.

Public policy dictates that Gomez's suit be stayed pending resolution of the first action filed by Gil, as there are inherent problems associated with simultaneous suits involving the same class of plaintiffs with the same or related claims. It is well-established that federal courts should avoid duplicative litigation. *I.A. Durbin,* 793 F.2d at 1551 (citing *Colorado River Water*

---

[4] Winn-Dixie requests that the Court take judicial notice of this non-hearsay, self-authenticating public record. Fed. R. Evid. 201; Fed. R. Evid. 803(8); *Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006).

*Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976)). This principle is based on considerations of conservation of judicial resources and comprehensive disposition of litigation. *Id.* (citations omitted). The power to stay dual proceedings is also necessary to avoid the "inefficiency of duplication, the embarrassment of conflicting rulings and the confusion of piecemeal resolutions where comprehensive results are required." *Neadle,* 861 F. Supp. at 1055. "[T]he general rule is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions." *I.A. Durbin,* 793 F.2d at 1551.

Of course, the party moving for a stay bears the burden of demonstrating that a stay is appropriate. *Landis v. North Am. Water Works & El. Co*., 299 U.S. 248, 254–56 (1936). It is the opposing party's burden to initially demonstrate hardship and then the movant must in turn demonstrate that it would suffer hardship or inequity from going forward with the duplicative cases. *Id*. A complete identity of the parties is not required to stay an action, but the court, in deciding whether to grant the stay, must consider any hardship a stay would cause for an opposing party that would be forced to stand by while its rights are determined by other litigation. *Neadle*, 861 F. Supp. at 1056 (citing *Landis*, 299 U.S. at 254 (the parties in two causes of action do not have to be the same nor the issues identical for the court to consider granting a stay)).

Applying these well-established principles, an order staying the present case is appropriate because: (1) the Plaintiff and Juan Carlos Gil both suffer from the same disability of visual impairment; (2) Winn-Dixie is the only defendant named in the suits; (3) the cause of action for violation of the ADA and the related issues within the allegations are identical in both suits; and (4) the requested and available relief are very similar within *Gil* Action and the present case. Accordingly, even though the plaintiffs are not identical, their circumstances and factual allegations are identical and the pending trial in the *Gil* Action will address all of the issues and

complaints raised within the present lawsuit which seeks to require Winn-Dixie to enhance accessibility for all visually disabled individuals to the Winn-Dixie website. In fact, Gil's request for injunctive relief is actually more specific then Gomez's request and would provide additional relief and protection. Gomez is no longer asking for any relief that is specific or personal to him; therefore, the resolution of the declaratory action and preliminary injunction in the *Gil* Action will resolve all of the related issues raised within this case. Moreover, the actions are pending in the District Court of Florida against Winn-Dixie so there is an inherent interest to avoid duplicative litigation, conserve judicial resources and avoid conflicting orders against Winn-Dixie on the exact same cause of action.

Accordingly, a stay is appropriate in the present case and the Plaintiff would not suffer any hardship by awaiting the outcome in the *Gil* Action. Additionally, the *Gil* Action predates this action and the trial is scheduled for April 17, 2017. (*See* Ex. B at 2, D.E. 10.) Consequently, Gomez will not suffer a hardship from such a short and finite postponement of this case. In contrast, Winn-Dixie will suffer hardship and inequity if Gomez is allowed to proceed during the pendency of the *Gil* Action, as Winn-Dixie will have to expend double or triple the resources to defend against these identical lawsuits and may even be subject to two or more conflicting rulings. Thus, in the interest of efficiency and in order to conserve resources and to avoid the confusion of duplicative actions, this lawsuit should be stayed pending the outcome of the trial and any potential appeal in the *Gil* Action.

WHEREFORE, Defendant, Winn-Dixie Stores, Inc., for the reasons stated above, respectfully requests that the Court enter an order staying this action until the final resolution of the *Gil* Action, including through any appeal.

Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH, LLP

By:_____Susan V. Warner___________

Susan V. Warner
Florida Bar No. 38205
susan.warner@nelsonmullins.com
50 N. Laura Street
41st Floor
Jacksonville, Florida 32202
Tel: (904) 665-3600
Fax: (904) 665-3699

*Attorneys for Defendant, Winn-Dixie Stores, Inc.*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)**

Defense counsel has conferred with counsel for plaintiff regarding the relief sought in this motion in a good faith effort to resolve the issues raised in the motion. Plaintiff opposes the relief requested herein.

_____s/Susan V. Warner________________
Susan V. Warner

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this **_9th__** day of March 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing

_____s/Susan V. Warner________________
Susan V. Warner

**SERVICE LIST**
**ANDRES GOMEZ vs. WINN-DIXIE STORES, INC.**
**CASE NO: 1:16-cv-24965-FAM**
**United States District Court, Southern District of Florida**

Philip Michael Cullen, III, Esq.
cullen@thomasbaconlaw.com
Thomas B. Bacon, P.A.
621 South Federal Highway, Suite Four
Fort Lauderdale, Florida 33301
ph. (954) 462-0600
fax (954) 462-1717

Thomas B. Bacon, Esq.
tbb@thomasbaconlaw.com
Thomas B. Bacon, P.A.
644 North Mc Donald St.
Mt. Dora, FL 32757
ph. (954) 478-7811
*Attorneys for Plaintiff*
Service via CM/ECF